## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**PAULETTE QUINN**                                              **PLAINTIFF**

v.                          **Case No. 3:09-cv-26-DPM**

**FORD MOTOR COMPANY; TRW
VEHICLE SAFETY SYSTEMS, INC.;
TRW AUTOMOTIVE SAFETY
SYSTEMS ARKANSAS, INC.; JOHN
DOES 4-10; JAGUAR CARS LIMITED;
JAGUAR LAND ROVER NORTH
AMERICA, LLC; and AUTOLIV ASP, INC.**          **DEFENDANTS**

### STIPULATED PROTECTIVE ORDER

Autoliv's unopposed motion for a protective order, *Document No. 66*, is

granted.  The parties stipulate and the Court orders:

1.      When Autoliv produces in this litigation any documents and other

tangible items that identify, contain, or reference any Autoliv or Autoliv's

customers' design, engineering or testing specifications, Autoliv may stamp

or otherwise mark those documents and things "HIGHLY CONFIDENTIAL,

Disclosure Prohibited by Order of the Court".  The term "HIGHLY

CONFIDENTIAL" was selected by Autoliv.

2.    The parties to this action agree that all designated documents and things, and the information contained therein, shall be treated as confidential in accordance with the terms of this Order.

3.    Except with the prior written consent of counsel for Autoliv, Highly Confidential material may be shown or disclosed only to these Qualified Persons:

a.    Counsel for the parties in this litigation;

b.    Actual employees of counsel assigned to and necessary to assist counsel in the preparation of this action;

c.    Independent experts and consultants retained by a party whose assistance is deemed necessary by that party's counsel for the prosecution or defense of this action, and employees of those experts and consultants necessary to assist the experts in performing their duties. No disclosure, however, shall be made to any person employed by any competitor of the producing party;

d.    The parties' employees involved in this action or necessary to assist the parties' counsel in preparation of this action; and

e.    This Court or any Court asked to enforce this Order.

4.    Qualified Persons may use any designated Highly Confidential information and materials only for the purposes of the prosecution or defense of this lawsuit, and only in accordance with the terms of this Order.  With the exception of the Court, all Qualified Persons having access to any Highly Confidential material must first be shown a copy of this Order and must agree to be bound by it.  With the exception of the Court, no one will be given access to Highly Confidential materials without having agreed in writing to be bound by all the terms of this Order, as set forth in Appendix A.

5.    Except as otherwise provided by this Order, the parties are prohibited from distributing, showing, disseminating, or providing photocopies, duplicates, reproductions, abstracts, lists, or summaries of any designated Highly Confidential material to any person or entity that is not a Qualified Person.  The parties shall not disclose any Highly Confidential material or information to any person or entity that is not a Qualified Person.

6.    This is a <u>non-sharing protective order</u>, which provides that Qualified Persons, counsel, parties, and any experts are not permitted to share or otherwise divulge any Highly Confidential material or information to any

persons who are not Qualified Persons, and are not permitted to use the Highly Confidential material or information for any purpose other than the prosecution or defense of this lawsuit.

7.    In the event that before trial any Highly Confidential documents or the information contained therein, is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition, or other paper, those papers shall be the papers shall be redacted to the extent necessary to preserve confidentiality.  For instance, a personnel document which only contains confidential information such as a birth date, social security number, or salary information should be redacted to exclude that information, and then used.  Or, if the identity of the individual needed to be protected, the document could be redacted to exclude the name of that individual. *See* FED. R. CIV. P. 5.2 and Advisory Committee Notes.  If redaction is impracticable, or would remove information necessary to the Court's decision on the relevant motion or paper, and only then, the motion or paper should be marked Protected and filed under seal and unredacted.  (In addition, if motion packages are filed with the Trial Judge, a copy labeled Trial Judge's copy shall be delivered to the Trial Judge and these packages shall include a

copy of protected material, if any, marked as Protected and Under Seal, with the indication that this material has been filed under seal and is not to become part of the public record.)   Any deposition exhibit that includes Highly Confidential information shall be subject to the terms and provision of this Order.

8.    During the trial of this case, if either party seeks to introduce into evidence documents which are subject to this Order, Autoliv may make appropriate request of the Court to protect against the dissemination of Highly Confidential materials.  All parties have the right to contest any such request by Autoliv.

9.    Counsel for the parties will maintain a list of all persons to whom any Highly Confidential documents or information contained therein is provided along with the signed agreement(s) pursuant to paragraph 4 above, and the list and signed agreement(s) shall be available for inspection by the Court.

10.    All notes, abstracts, lists containing confidential information, or summaries drafted in connection with the review of Autoliv ASP's Highly

Confidential material, are to be treated as Highly Confidential and subject to all of the terms of this Order.

11.   Within 30 days of the termination of this litigation, all Highly Confidential documents shall be returned by all parties to counsel for Autoliv. No copies, notes, or summaries shall be kept by all parties, their counsel, consultants, experts, or agents.  Within 30 days of the termination of the litigation, all parties' counsel shall certify in writing that all Highly Confidential documents have been returned to counsel for Autoliv, and that no copies, summaries, or notes of such documents have otherwise been kept by the parties, their counsel, consultants, agents, or experts.

12.   After the termination of this litigation, the provisions of this Order shall continue to be binding.

13.   This Court retains jurisdiction over the parties, their attorneys, and experts for enforcement of the provisions of this Order following the termination of this litigation.

14.   This Order shall be binding upon the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives and administrators, heirs, legal representatives, assigns,

subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

6 July 2011

APPROVED AS TO FORM:

/s/ Chris Averitt
Chris A. Averitt#98123
Scholtens & Averitt, PLC
113 East Jackson Ave.
Jonesboro, AR 72401

AND

Tony L. Wilcox
Wilcox Parker Hurst & Lacy, PLC
3000 Browns Lane
Jonesboro, AR 72401

/s/David B. Weinstein                    s/ Gregory L. Schuck
David B. Weinstein                       Gregory L. Schuck
Amber Stryk Skillern                     Edwin L. Lowther, Jr.
G. Spence Fricke                         Kyle Wilson
Counsel for TRW                          Counsel for Jaguar and Ford
defendants

/s/ John D. Sear
John D. Sear
Counsel for Autoliv

-7-

## EXHIBIT A

**AFFIDAVIT OF** _____,

being duly sworn and personally appearing before the undersigned

attesting officer, duly authorized by law to administer oaths, deposes and

says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto,

and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction

of the Eastern District of Arkansas, in the above captioned case and binds

me to the provisions of the Stipulated Protective Order, including to all

promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, 20\_\_\_.

_____

**AFFIANT**

-8-

SUBSCRIBED AND SWORN to before me
this _____ day of _____, _____.


_____

NOTARY PUBLIC
Name:
No.:_
My Commission Expires: